UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Martaveon Lewis,

          Plaintiff,         Case No. 23-cv-13210

v.                                      Judith E. Levy
                                      United States District Judge

Skinner, *et al.*,

                                      Mag. Judge Patricia T. Morris
          Defendants.

_____/

## ORDER OF DISMISSAL

Plaintiff Martaveon Lewis filed a civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1.) When he signed the complaint, he was incarcerated at the Genesee County Jail in Flint, Michigan.[1] (*See id.* at PageID.2, 15.) Plaintiff also filed an application to proceed in this Court without prepaying fees or costs—or to proceed *in forma pauperis*. (ECF No. 2.) Plaintiff is self-represented or proceeding *pro se*.

On January 11, 2024, Magistrate Judge David R. Grand issued an order for Plaintiff to correct a deficiency in his application to proceed in

---

[1] According to the Michigan Department of Corrections' Offender Tracking Information System, Plaintiff is apparently now incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan.

this Court without prepaying fees or costs. (ECF No. 4.) The order issued by Judge Grand noted that

> although plaintiff has submitted an application to proceed without prepayment of fees, the application does not include a financial certificate signed by plaintiff's custodian or designee. An uncertified trust fund account statement, or one that lacks a signature, is insufficient to satisfy the filing requirements for permitting a prisoner to proceed *in forma pauperis* under [28 U.S.C.] § 1915(a)(2). *See Hart v. Jaukins*, 99 F. App'x 208, 209-10 (10th Cir. 2004); *see also Moore v. Vantifflin*, No. [2:08-CV-15168,] 2009 WL 224548, [at] *1 (E.D. Mich. Jan. 30, 2009). In addition, plaintiff has failed to provide the Court with a current computerized trust fund statement of account showing the history of the financial transactions in his institutional trust fund account for the past six months.

(*Id.* at PageID.22–23.) As a result, Judge Grand's order required Plaintiff

> to provide a signed certification of his trust account from an authorized jail official and a current computerized trust fund account showing the history of the financial transactions in plaintiff's institutional trust fund account for the past six months within thirty days of this Court's Order. In the alternative, plaintiff shall pay the $ 350.00 dollar filing fee and the $ 52.00 administrative fee within thirty days of the order.

(*Id.* at PageID.22.) The last sentence in the order stated: "If plaintiff does not provide the requested information to the United States District

2

Court within **thirty (30) days** of the date of this Order, his complaint shall be **DISMISSED**." (*Id.* at PageID.23–24 (emphasis in original).)

Plaintiff provided this Court with two copies of his current computerized trust fund account from the Genesee County Jail. (ECF Nos. 6, 7.) Neither trust fund account statement, however, is signed. Plaintiff's application is still deficient because he failed to submit a signed certification regarding his jail trust fund account.

Section 1915(a)(2) requires a prisoner who seeks to proceed without prepayment of fees and costs in a civil action in federal court to "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2); *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997). The Sixth Circuit instructs that if a prisoner who does not pay the full filing fee

> fails to provide an affidavit of indigency or trust account statement, the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or pay the full filing fee. If the prisoner does not comply with the

>district court's directions, the district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees. The district court must then order the case dismissed for want of prosecution.

*McGore*, 114 F.3d at 605.

Here, the deficiency order issued by Judge Grand gave Plaintiff thirty days to provide the Court with a signed certification regarding the trust fund account. (ECF No. 4.) Plaintiff failed to do so. As Judge Grand stated in his deficiency order, "[a]n uncertified trust fund account statement, or one that lacks a signature, is insufficient to satisfy the filing requirements for permitting a prisoner to proceed *in forma pauperis* under § 1915(a)(2)." (ECF No. 4, PageID.22 (citing *Hart,* 99 F. App'x at 209–10; *Moore,* 2009 WL 224548, at *1).) Plaintiff's submissions (ECF Nos. 6, 7) do not cure the deficiency identified in Judge Grand's order.

Thus, Plaintiff has failed to correct the deficiency pointed out in Judge Grand's order. (ECF No. 4.) Plaintiff did not fully comply with the deficiency order. His application to proceed in this Court without prepaying fees or costs remains deficient, and Plaintiff has not paid the applicable fees. Therefore, the Court dismisses the complaint without prejudice for want of prosecution. *See McGore,* 114 F.3d at 605; *Erby v.*

4

*Kula*, 113 F. App'x 74, 76 (6th Cir. 2004) ("conclud[ing] that the district court did not abuse its discretion when it dismissed [a] civil rights complaint [filed by a Michigan prisoner proceeding pro se] for want of prosecution," given that the plaintiff "failed to pay the filing fee or submit the required documentation to the district court in order to apply to proceed in forma pauperis"); *Wilson v. United States*, No. 22-10104, 2022 WL 2517237, at *2 (E.D. Mich. July 6, 2022) ("Plaintiff did not pay the applicable filing fee, and his IFP application remains deficient, so the complaint must be dismissed without prejudice.").

Accordingly, the complaint is DISMISSED WITHOUT PREJUDICE. Nothing in this order precludes Plaintiff from filing a new civil rights complaint under a new case number so long as he pays the applicable fees or provides the complete and correct information necessary to proceed without prepayment of fees.

IT IS SO ORDERED.

Dated: October 3, 2025       s/Judith E. Levy
    Ann Arbor, Michigan      JUDITH E. LEVY
                                    United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 3, 2025.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
